666

## GIBSON v SOLOMON

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5550.   Decided Feb. 20, 1939.

Francis T. Martin, Cincinnati, for appellant.

S. A. & James G. Headley, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

The plaintiff in the Common Pleas Court demurred to the two affirmative defenses of res adjudicata and estoppel alleged in the defendant's answer. The court overruled this demurrer and the plaintiff not desiring to plead to the answer, judgment was rendered in favor of the defendant. It is from that judgment that this appeal on questions of law was taken by the plaintiff.

The controversy arose out of a collision between two automobiles, one of which was being operated by the plaintiff-appellant and the other by defendant-appellee. The appellee's wife, who was riding with him in the automobile as a guest, was killed as a direct result of injuries received in the collision.

The appellee was appointed administrator of his deceased wife's estate, and, in that capacity, instituted an action for the benefit of himself and their daughter, who were the only next of kin of the decedent, against the plaintiff-appellant in this action for damages for wrongfully causing her death. In that action, the plaintiff-appellant alleged in her answer that the collision in which the decedent received her fatal injuries directly resulted from either the sole or contributory negligence of the defendant-appellee. That case was tried, evidence being introduced as to the cause of the collision, and the court submitted the issues of negligence of the parties to the jury and the jury returned a verdict for $1000.00 in favor of the administrator of the decedent's estate and further found that the defendant-appellee "was guilty of contributory negligence."  A judgment was rendered in accordance with this verdict. The answer, the demurrer to which was overruled in the action under review here, set forth the proceedings and judgment in the prior action as res adjudicata of the issues in this action and as a bar and estoppel to a recovery by the plaintiff-appellant.

That the issue of the appellant's negligence was determined in the prior ac-

tion, and adversely to her, is clear. The only question presented by this appeal is whether the appellee in his individual capacity was in legal contemplation a party to that action, or participated in such a way so that the judgment there rendered became a binding adjudication precluding a re-examination of the matter in this action.

Now what is the relation of the next of kin to an action brought by an administrator for wrongfully causing the decedent's death? In **Wolf, Admr. v The Lake Erie & Western Railway Co., 55 Oh St 517**, it was held, as stated in the syllabus:

"1. In actions in the name of an administrator under sections 6134 and 6135, Revised Statutes, the administrator is a mere nominal party, having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiaries in said sections named.

"2. In arriving at the total amount of damages in such cases, the jury should consider the pecuniary injury to each separate beneficiary, not found guilty of contributory negligence, but the verdict should be for a gross sum, not exceeding ten thousand dollars.

"3. In such actions the defense of contributory negligence is available as against such beneficiaries as, by their negligence, contributed to the death of the deceased, but the contributory negligence of some of the beneficiaries, will not defeat the action as to others, who were not guilty of such negligence."

At 529 and 530 the Court says:

"While the action must be brought in the name of the personal representative of the deceased person, he has no interest in the recovery and the recovery is not for the estate of the deceased. So held in **Steel v Kurtz, 28 Oh St 191**. The administrator is only a trustee for the beneficiaries and has no interest in the case for himself or the estate he represents. The statute does not even say that he shall bring the action, but says that it shall be brought in his name for the exclusive benefit of the beneficiaries, in this case the parents."

This case was approved and followed in **The Cleveland, Akron & Columbus Ry. Co. v Workman, Admr., 66 Oh St 509**, and **The C. C. C. & St. L. Ry. Co. v Grambo, Sr, Admr., 103 Oh St 471**.

It would appear from this that the relation between an administrator and the beneficiaries under the wrongful death statute (§10509-167, GC) is that of trustee and cestui que trust, and that in prosecuting an action for wrongfully causing death the administrator is acting as trustee for and in behalf of the beneficiaries designated by the statute.

If such is the relation existing between the administrator and the beneficiaries, one of the questions before the court is the simple one of whether the cestui que trusts are bound by a judgment in an action prosecuted by the trustee against a third person on their behalf.

In 1 Freeman on Judgments, (5th ed.) 1075 the author says:

"But a beneficiary may be a party by representation or participation in an action by or against the trustee, pursuant to the general principles elsewhere discussed, as where a suit is prosecuted or defended in good faith by a trustee for the benefit of the beneficiary with his knowledge or consent or at his request or where he otherwise participates therein. And whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment."

And the same author at 950 and 951 says:

"Among the exceptions to the general rule limiting the effect of a judgment to the parties before the court is one based on convenience and necessity

known as the doctrine of representation. * * * Still further illustrations are found in cases where a trustee or legal representative is deemed to sufficiently represent the interests of the beneficiaries of the trust or persons represented."

There can be do doubt that an action for wrongfully causing death should be prosecuted in the name of the administrator because that is expressly provided by the statute. §10509-167, GC. There is no occasion here to notice cases turning upon the extent of the authority of the trustee to represent the beneficiaries of the trust.

In addition, the fact that the appellee was not only a beneficiary but also the administrator and participated in the prosecution of the wrongful death action would preclude him personally from relitigating the issues therein determined. This rule is stated in 1 Freeman on Judgments (5th ed.) at 939, et seq., as follows:

"Persons though not nominal parties may, by active and open participation therein, so connect themselves with litigation in which they are interested that the result is res judicata for or against them. Thus whenever one has an interest in the prosecution or defense of an action, and he, in the advancement or protection of such interest, openly takes substantial control of such prosecution or defense, the judgment, when recovered therein, is conclusive for and against him to the same extent as if he were the nominal as well as the real party to the action."

It is pointed out by the same author at page 943 that this participation must be open and known to the adverse party, "since otherwise the principle of mutuality would be violated, and this rule applies not only where the person participating in the action claims the benefit of the estoppel, but also where it is urged against him."

Our conclusion is that the demurrer to the defenses of res adjudicata and estoppel was properly overruled.

No error appearing in the record, the judgment is affirmed.

HAMILTON, PJ., concurs.
ROSS, J., dissents.

ROSS, J. (Dissenting):

I dissent from the majority opinion, for the reason that I conceive the principle of res adjudicata inapplicable. The parties in the case brought by the administrator were not the same as those in the case here involved. It is true that the administrator by virtue of §10509-167, GC, brings the action for the benefit of the beneficiaries, but though represented by the administrator, they are not parties. It is true also that the contributory negligence of the beneficiaries becomes an issue in the case to the extent of permitting the jury to take into consideration such contributory negligence, if any, in determining the right of the beneficiaries to increase the aggregate amount of the verdict. This is the extent of the beneficiaries' interest. A beneficiary is not entitled to be represented by counsel. He could take no action either as to prejudice in the court or jury. He can file no pleadings. He cannot appeal from the judgment. To foreclose him as a party in such a proceeding from later litigating his own claims or defenses is to extend the principle of representative estoppel far beyond the bounds of the principles of res adjudicata. If the instant case were reversed, the force of the objections would be more manifest. The fact that the beneficiary was represented by the plaintiff administrator in the first action, and is now a defendant is, of course, beside the point. His direct participation in an action involving his culpability has not been litigated. The plaintiff in the instant action is entitled to have that culpability made a matter of exclusive litigation not connected with other issues.